IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIC A. HOLTZ,                           )
                                         )
                        Plaintiff,       )
                                         )
            v.                           )        Civil Action No. 04-951
                                         )
JO ANNE B. BARNHART,                     )
COMMISSIONER OF SOCIAL SECURITY,         )
                                         )
                        Defendant.       )

MEMORANDUM ORDER

CONTI, District Judge

### Introduction

        This is an appeal from the final decision of the Commissioner of Social Security

("Commissioner" or "defendant") denying the claim of Eric A. Holtz ("plaintiff") for Disability

Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA"), 42 U.S.C. §§ 423,

*et seq.,* and Supplemental Social Security ("SSI") under Title XVI of the SSA, 42 U.S.C. §§

1381, *et seq.*  Plaintiff, now pro *se,* contends that the decision of the administrative law judge

(the "ALJ") that he is not disabled, and therefore not entitled to benefits, should be reversed

because the decision is not supported by substantial evidence and that the case should be

remanded for the ALJ to consider properly all the evidence as presented.  Defendant asserts that

the decision of the ALJ is supported by substantial evidence.  The parties filed cross-motions for

summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure.  The court

will deny plaintiff's Motion for Summary Judgment (Docket No. 6) and grant defendant's

Motion for Summary Judgment (Docket No. 7).

### *Procedural History*

Plaintiff filed the application at issue in this appeal on February 14, 2001, asserting he became disabled to work on July 25, 1999, due to a bulging disc and back pain as the result of an automobile accident.  (Transcript ("R.") at 71-73 and 86-96.)  He was denied at the initial level (R. at 59-62) and then filed a request for a hearing.  (R. 63.)  On October 4, 2001, a hearing was held before the ALJ.  Plaintiff appeared at the hearing and testified.  (R. at 33-47.)  Plaintiff was represented by an attorney at the hearing (R. 29, 31.)   In a decision dated June 13, 2002, the ALJ determined that plaintiff was not disabled and, therefore, not entitled to benefits.  (R. at 16-22.)  Plaintiff requested a review of that determination on August 9, 2002 (R. at 12) and the Appeals Council received additional evidence of Plaintiff on April 29, 2004.  (R. at 9.)  On April 29, 2004, the Appeals Council denied the request for review.  (R. at 6-8.)  Plaintiff subsequently commenced the present action seeking judicial review.

### *Legal Standard*

The Congress of the United States provides for judicial review of the Commissioner's denial of a claimant's benefits.  42 U.S.C. § 405(g).  This court must determine whether or not there is substantial evidence which supports the findings of the Commissioner.  42 U.S.C. § 405(g).  "Substantial evidence is 'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate.'"  Ventura v. Shalala, 55 F. 3d 900, 901 (3d Cir. 1995)(quoting Richardson v. Perales, 402 U.S. 389 (1971)).  This deferential standard has been referred to as "less than a preponderance of evidence but more than a scintilla."  Burns v. Burnhart, 312 F. 3d 113, 118 (3d Cir. 2003).  This standard, however, does not permit the court

to substitute its own conclusions for that of the fact-finder.  Id.; Fargnoli v. Massonari, 247 F.3d

34, 38 (3d Cir. 2001)(reviewing whether the administrative law judge's findings "are supported

by substantial evidence" regardless of whether the court would have differently decided the

factual inquiry).


### Discussion

Under Title XVI of the SSA, a disability is defined as the inability "to engage in any

substantial gainful activity by reason of any medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or can be expected to

last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c (a)(3)(A).

Similarly, a person is unable to engage in substantial gainful activity when "his physical or

mental impairment or impairments are of such severity that he is not only unable to do his

previous work but cannot, considering his age, education, and work experience, engage in any

other kind of substantial gainful work which exists in the national economy" 42 U.S.C. § 1382c

(a)(3)(B).

In order to make a disability determination under the SSA, a five-step sequential

evaluation must be applied.  20 C.F.R. § 416.920.  The evaluation consists of the following

stages: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not,

whether the claimant has a severe impairment; (3) if so, whether the claimant's severe

impairment meets or equals the criteria of an impairment listed in 20 C.F.R. pt. 404, subpt. P,

app. 1; (4) if not, whether the claimant's impairment prevents him from performing his past

relevant work; and (5) if so, whether the claimant can perform any other work which exists in the

national economy in light of his age, education, work experience and residual functional

capacity.  20 C.F.R. §§ 404.1520, 416.920; Sykes v. Apfel, 228 F.3d 259, 262-63 (3d. Cir. 2000).

If the plaintiff fails to meet the burden of proving the requirements in the first four steps, the ALJ

may find that the plaintiff is not disabled.  Burns v. Burnhart, 312 F.3d at 119.  The

Commissioner is charged with the burden of proof with respect to the fifth step in the evaluation

process.  Id.

In the instant case, the ALJ found: (1) plaintiff has not engaged in substantial gainful

activity since the alleged onset of disability on July 25, 1999; (2) plaintiff suffers from disorders

of the back, which are severe; (3) these impairments do not meet or medically equal one of the

listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) plaintiff cannot return to any past

relevant work; and (5) there were jobs in the national economy that plaintiff could perform.  (R.

at 16-22.)  Plaintiff's main argument is, in essence, that the ALJ erred in determining his residual

functional capacity to perform work.  See, Plaintiff's Brief, pp. 2-4.  The ALJ found that plaintiff

"has the residual functional capacity to perform a significant range of sedentary work (20 CFR

§416.967)."  (R. at 21.)

Plaintiff specifically argues that the ALJ's finding is in error for two reasons: 1) the ALJ

discounted plaintiff's "long and steady work history," and 2) the ALJ ignored probative evidence

showing disabling pain demonstrating his inability to work.  See, Plaintiff's Brief, p. 3.  The court

disagrees.  Plaintiff's first argument, that the ALJ did not consider plaintiff's work long and

steady history is puzzling and irrelevant.  Specifically, the ALJ did consider plaintiff's past work

history and determined that plaintiff could not perform that kind of work.  (R. at 17, 20.)

Plaintiff's second argument is that the ALJ erred in failing to consider plaintiff's evidence of pain. Plaintiff, however, does not point to, or identify, any specific evidence of pain that the ALJ failed to consider. See, Plaintiff's Brief. To the extent that plaintiff may be arguing that the ALJ improperly discredited plaintiff's subjective complaints of pain, the court disagrees. Pursuant to 20 C.F.R. §404.1529, the ALJ will consider all "symptoms, including pain," in the disability determination. Statements of pain alone are not enough to establish a disability; the claimant must also present objective medical evidence to show that the medical impairment "could reasonably be expected to produce the pain or other symptoms alleged." 20 C.F.R. §404.1529(a). Once the ALJ has determined from the "medical signs or laboratory findings" that the claimant has an impairment which could reasonably produce the pain, then the ALJ must determine how the pain limits the claimant's capacity for work. 20 C.F.R. §404.1529(c)(1). In determining the limits on the claimant's capacity for work, the ALJ will consider evidence from the treating, examining and consulting physicians, observations from agency employees, and other factors such as the claimant's daily activities, descriptions of the pain, precipitating and aggravating factors, type, dosage, effectiveness, and side effects of medications, treatment other than medication, and other measures used to relieve the pain. 20 C.F.R. §404.1529(c). The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. 20 C.F.R. §404.1529(c)(4).

A review of the ALJ's decision makes clear that he considered the factors listed above. (R. at 17-20.) While assessing plaintiff's credibility and his subjective complaints, the ALJ specifically compared the medical evidence to plaintiff's complaints of pain and found them to be "exaggerated." (R. at 20.)

5

> I have carefully considered the claimant's allegations of disabling pain and find them to be exaggerated. The degenerative condition that reasonably may be expected to produce back pain is present, but the clinical findings are largely unremarkable. The evidence does not show recent or frequent emergency room admissions or hospitalizations for any of the alleged impairments. Neurological examinations have been normal, with cranial nerves intact. MRIs reflect normal cervical findings, with mild disc budge at L4-5, mild hypertrophic changes, and no evidence of herniation (Exhibits 1F, 2F, 5F, 11F, 14F). There is no evidence of spondylolysis or spondylolisthesis, and no evidence of focal protrusion or stenosis. The gait has been shown to be slow but steady, with the claimant using a non-prescribed cane. The claimant's treatment has been conservative. Pain medication has been used with out [sic] extreme side effects noted by care providers, despite the claimant's complaints of grogginess. As noted, Dr. Bejjani found a lack of correlation between findings and complaints....

(R. at 20.) It is the responsibility of the ALJ to make credibility determinations; and, thus, deference must be given to the ALJ's credibility determinations, unless it is not supported by substantial evidence. Smith v. Califano, 637 F.2d 968, 972 (3d Cir. 1981); Baerga v. Richardson, 500 F.2d 309, 312 (3d Cir. 1974), cert. denied, 420 U.S. 931 (1975). After a thorough review of the record, and based on the above, the court concludes that the ALJ's decision was supported by substantial evidence. (R. at 131-207, 375-88, 408-19, 429-30.)

To the extent plaintiff may be objecting to the ALJ's rejection of Dr. Gregory Wohar's opinions (R. at 18), no merit is found in this argument, as well. See, Plaintiff's Reply (Docket No. 9), p. 2. Dr. Wohar is plaintiff's chiropractor. (R. at 208-374, 420-25.) A chiropractor is not "an acceptable medical source" in assessing a claimant's disability, and, therefore, his or her opinions are not entitled to controlling weight. Hartranft v. Apfel, 181 F.3d 358, 361 (3d Cir. 1999); see also, 20 C.F. R.§416.913(a) and §404.1513(a). Moreover, Dr. Wohar was the only doctor to offer the opinion that plaintiff was unable to return to work. Compare, R. at 208-374, 420-25, with, R. at 131-207, 375-88, 408-19, 429-30. The ALJ rejected this opinion because it was inconsistent with the other "acceptable medical source" evidence of record. (R. at 18.) The

6

ALJ did not err in rejecting that medical opinion evidence.  See, 20 C.F.R. §416.927(d)(4) and

§404.1527(d)(4).

Finally, at the end of his brief, in a parenthetical, plaintiff "asks the Court to consider the

attached Doctor's prescription" which plaintiff indicates is evidence that a date certain has been

set for his back surgery.  Plaintiff's Brief, p. 4; see also, Plaintiff's Reply (Docket No. 9), p. 1.

The United States Court of Appeals for the Third Circuit has held that "when the claimant seeks

to rely on evidence that was not before the ALJ, the district court may remand to the

Commissioner but only if the evidence is new and material and if there was good cause why it

was not previously presented to the ALJ (Six Sentence review)."  Matthews v. Apfel, 239 F.3d

589, 593 (3d Cir. 2001).  In Szubak v. Sec'y of Health and Human Services, the court of appeals

explained:

> As amended in 1980, §405(g) now requires that to support a "new evidence"
> remand, the evidence must first be "new" and not merely cumulative of what is
> already in the record.  Second, the evidence must be "material;" it must be
> relevant and probative.  Beyond that, the materiality standard requires that there
> be a reasonable possibility that the new evidence would have changed the
> outcome of the Secretary's determination.  *An implicit materiality requirement is*
> *that the new evidence relate to the time period for which benefits were denied,*
> *and that it not concern evidence of a later-acquired disability or of the subsequent*
> *deterioration of the previously non-disabling condition.*  Finally the claimant must
> demonstrate good cause for not having incorporated the new evidence into the
> administrative record.

745 F.2d 831, 833 (3d Cir. 1984) (citations omitted)(emphasis added).  The evidence submitted

by plaintiff is new in the sense that it is dated over two years after the decision of the ALJ.  See,

Docket No. 6, attachment.  Plaintiff, however, failed to meet his burden of showing that the

evidence is "material."  It appears this doctor's prescription is indicative of a "subsequent

deterioration of the previously non-disabling condition."  See, Milano v. Comm'r of Soc. Sec.,

No. 04-4069, 2005 WL 2673503, *3-4 (3d Cir. Oct. 25, 2005).  There is nothing in the record to suggest that plaintiff's condition had reached this stage on or before the date of the ALJ's hearing.  Id.  Consequently, this case should not be remanded based on new evidence.

### *Conclusion*

Based upon the evidence of record, the parties' arguments and supporting documents filed in support and opposition thereto, this court concludes that substantial evidence supports the ALJ's finding that plaintiff is not disabled.  Thus, the decision of the ALJ denying plaintiff's application for SSI and DIB is affirmed.

Therefore, plaintiff's motion for summary judgment (Docket No. 6) is **DENIED**, and defendant's motion for summary judgment (Docket No. 7) is **GRANTED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that judgment is entered in favor of defendant, Jo Anne B. Barnhart, Commissioner of Social Security, and against plaintiff, Eric A. Holtz.

The clerk shall mark this case as closed.

By the court:


/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

Dated: November 29, 2005

cc: counsel of record